UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SALVADOR GUTIERREZ                                              CIVIL ACTION

VERSUS                                                                        NO. 23-527-SDD-RLB

LANDSTAR RANGER, INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 24, 2024.

                                                RICHARD L. BOURGEOIS, JR.
                                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SALVADOR GUTIERREZ                                  CIVIL ACTION

VERSUS                                              NO. 23-527-SDD-RLB

LANDSTAR RANGER, INC., ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Unopposed Motion for Leave to File First Amended Complaint and to Remand to State Court. (R. Doc. 21).

**I.   Background**

On or about June 2, 2023, Salvador Gutierrez ("Plaintiff") filed this action in the 18th Judicial District Court, Iberville Parish, Louisiana, naming as defendants Landstar Ranger Inc. ("Landstar"), Andy Fernandez ("Fernandez"), Zurich American Insurance Company ("Zurich"), and Old Republic Insurance Company ("Old Republic") (collectively, "Defendants"). (R. Doc. 1-2 at 1, "Petition"). Plaintiff is seeking to recover damages incurred when he was involved in a multi-vehicle collision on June 10, 2022. In the Petition, Plaintiff specifically alleges that the "crash report states that defendant Fernandez 'began the crash by striking the rear of plaintiff Gutierrez's vehicle and thus forcing plaintiff Gutierrez's vehicle into the rear of another vehicle" and that "Fernandez was cited for 'Following Too Closely.'" (R. Doc. 1-2 at 2; *see* R. Doc. 21-2). In addition, Plaintiff seeks recovery from Fernandez's employer, Landstar, and Zurich and Old Republic, the liability insurers for Fernandez and Landstar. (R. Doc. 1-2 at 3).

On July 10, 2023, Fernandez, with the consent of the other defendants, removed the action on the basis that the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). In relevant part, the Notice of Removal provides that there is complete diversity because

1

Plaintiff is a citizen of Texas, Fernandez is a citizen of Florida, Landstar is a citizen of Delaware and Florida, Old Republic is a citizen of Pennsylvania and Illinois, and Zurich is a citizen of New York and Illinois. (R. Doc. 1 at 5-6).

Plaintiff now seeks leave to amend the Petition to add as defendants Dennis Mitchell Proulx ("Proulx"), his employer C4 Trans LLC ("C4"), and their liability insurer Progressive County Mutual Insurance Company ("Progressive"), and to obtain remand of the action. (R. Doc. 21). Plaintiff asserts, among other things, that as discovery progressed, Plaintiff obtained new evidence (including videos taken by the investigating officers) calling into question the conclusions reached in the crash report upon which the allegations in the Petition are based. (R. Doc. 21-1 at 2). Plaintiff further asserts that there is good cause to allow amendment pursuant to Rule 16(b)(4), there is no substantial reason to deny amendment pursuant to Rule 15(a)(2), and that the appropriate factors are satisfied to allow amendment of a nondiverse defendant, which requires remand pursuant to pursuant to 28 U.S.C. § 1447(e). (R. Doc. 21-1 at 2-9). Throughout the Motion, Plaintiff represents that the current Defendants do not oppose untimely amendment and the subsequent remand of this action. (*See* R. Doc. 21-1 at 2, 5, 7, 9, 10).

In support of the Motion, Plaintiff asserts that both Proulx and C4 are nondiverse citizens of Texas, and, if joined, would defeat diversity, and require remand of this action pursuant to 28 U.S.C. § 1447(e). (R. Doc. 21-1 at 2). Consistent with the foregoing, the proposed amended pleading asserts that Proulx is domiciled in, and therefore a citizen of, the State of Texas. (R.

Doc. 21-4 at 2). Accordingly, the addition of Proulx as a nondiverse defendant would destroy diversity and require remand.[1]

## II.  Law and Analysis

### A.  Legal Standards

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

[1] The proposed amended pleading does not properly allege that C4 is a nondiverse citizen of Texas. In the proposed amended pleading, Plaintiff alleges that C4 is a "foreign limited liability company whose [principal] place of business" is in Texas. (R. Doc. 21-4 at 2). The citizenship of a limited liability company such as C4 is determined by the citizenship of each of its members, not its alleged principal place of business. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be. *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06–88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007). Accordingly, Plaintiff does not allege sufficient citizenship particulars for the Court to determine the citizenship of C4.

The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 873 (citations omitted).

Since joinder of a nondiverse defendant after removal would destroy diversity jurisdiction and require remand, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the court must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The court should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four

4

factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id.* at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id.*

**B.    Analysis**

Having considered Plaintiff's arguments, the record, and the lack of any opposition, the Court finds it appropriate to grant the relief sought.

First, the Court finds good cause to extend the deadline to amend the pleadings pursuant to Rule 16(b)(4). Plaintiff has explained that he did not identify the validity of his claims against the potential co-defendants until after the deadline to amend. As discussed below, amendment will allow Plaintiff to seek relief from all potential tortfeasors and sources of recovery, precluding the need for multiple actions. There is no potential prejudice to the current parties or the need for further continuance of this Court's deadlines given that all parties agree to amendment and remand.

Second, the Court finds no substantial basis to deny amendment. The current defendants consent to amendment. Furthermore, there is no evidence of undue delay, bad faith or dilatory motive on the part of Plaintiff. This is also the first motion to amend the pleadings. To the extent the proposed defendants have any arguments that Plaintiff has failed to state a claim against them, that argument may be made in an appropriate dispositive motion after remand.

Third, the *Hensgens* factors favor amendment and remand. With respect to the first *Hensgens* factor, the Court finds that the purpose of amendment, which is not opposed by the current defendants, is not to defeat federal jurisdiction. In determining the plaintiff's purpose for

5

amendment, courts will consider "(1) whether the plaintiff knew the identity of the non-diverse defendant when the state court petition was filed and (2) whether the plaintiff has stated a valid claim against the nondiverse defendant." *Casey v. B H Mgmt. Servs. Inc.*, No. 18-00947, 2021 WL 6077623, at *3 (W.D. La. Apr. 22, 2021) (citing cases). While Plaintiff was aware of the identities of the proposed defendants at the inception of the action given the crash report, he represents that he was not aware of the degree of Proulx's involvement in the multi-vehicle collision until after discovery was obtained "that calls into question the conclusions reached in the crash report." (R. Doc. 21-1 at 2). There is no dispute that Plaintiff is seeking to raise a valid claim against the proposed defendants.

With respect to the second *Hensgens* factor, the Court concludes that Plaintiff promptly sought amendment when all information was presented to him. Plaintiff has represented to the Court that it was not until September 20, 2024 that he obtained information to determine that he had claims against the current defendants. (R. Doc. 21-1 at 2). Plaintiff filed the instant motion two weeks later on October 4, 2024. Furthermore, as discussed above, the Court finds good cause to extend the deadline to amend the pleadings to the filing of the instant motion. Accordingly, the instant amendment is not dilatory.

The remaining *Hensgens* factors also favor amendment and remand. In determining whether the plaintiff would be prejudiced by denying leave to amend, the Court considers "whether the already named diverse defendant would be unable to satisfy a future judgment and whether the plaintiff could recover against the proposed nondiverse defendant." *Cooper v. Toyota Motor Sales, U.S.A., Inc.*, No. 18-1033, 2019 WL 13234722, at *4 (M.D. La. July 16, 2019) (citations omitted). Additionally, "considerations of cost, judicial efficiency and possible inconsistency of results militate in favor of not requiring plaintiff[s] to prosecute two separate

6

claims in two forums when both arise from the same set of facts and circumstances." *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (quotation omitted). There is no dispute that the addition of the proposed defendants would result in efficient resolution of this matter in one proceeding and avoid inconsistent judgments. It would be inequitable to force Plaintiff to proceed with multiple actions on the same set of facts when the proposed defendants can be appropriately joined in this action.

### III.   Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Unopposed Motion for Leave to File First Amended Complaint and to Remand to State Court (R. Doc. 21) be **GRANTED**, and that this action be **REMANDED** to the 18th Judicial District Court, Iberville Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on October 24, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**